UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARACELIS MONTALVO,  02-CV-0494E(F)
                Plaintiff,

    -vs-  MEMORANDUM

JO ANNE B. BARNHART, Commissioner  and
  of Social Security,
                Defendant.  ORDER[1]

---

## **INTRODUCTION**

On July 11, 2002 petitioner, Aracelis Montalvo ("Montalvo") initiated this action pursuant to Title XVI of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for supplemental security income benefits ("SSI").  The matter was referred to Magistrate Judge Foschio, by Order dated November 20, 2002 (Dkt. #6), to make a determination of the merits of the factual and legal issues presented and for the preparation and filing of a Report and Recommendation as to disposition.  On June 16, 2003, the Commissioner filed a motion for judgment on the pleadings (Dkt. #14).  On August 25, 2003, Montalvo also filed a motion for judgment on the pleadings (Dkt. #17).

On December 21, 2005, Magistrate Judge Foschio issued a Report and Recommendation ("R&R") recommending that the Commissioner's motion be denied, Montalvo's motion be granted and the matter be remanded for calculation of benefits

---

[1] This decision may be cited in whole or in any part.

(Dkt. #19). Specifically, the R&R found that the Administrative Law Judge's ("ALJ") determination that plaintiff is not disabled violated the treating physician rule as the ALJ's reasons for rejecting the opinions rendered by plaintiff's treating physician are not supported by substantial evidence in the record.

The Commissioner filed objections to the R&R on January 4, 2006 (Dkt. #20), claiming that the ALJ appropriately weighed the evidence and properly concluded that plaintiff's mental condition did not preclude her ability to perform all work-related activities. In the alternative, the Commissioner contends that, if the Court were to find that the ALJ did not properly weigh the evidence, the matter should be remanded for further administrative proceedings rather than merely calculation of benefits. In response (Dkt. #21), plaintiff claims that the R&R was correct in its findings and further administrative proceedings on the issue of disability would be pointless.

## DISCUSSION

Familiarity with the R&R is presumed. The R&R correctly states that

> "[t]he standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would 'accept as adequate to support a conclusion.' *Consolidated Edison Co.* v. *National Labor Relations Board*, 305 U.S. 197, 229 (1938)."

R&R at p. 23; *see also Melville* v. *Apfel*, 198 F.3d 45, 51-52 (2d Cir. 1999) ("[C]ourts are [required] to uphold the decision unless it is not supported by substantial evidence or is based on an error of law.").

Montalvo's 1999 application for SSI benefits, twice denied, went to administrative hearing on May 11, 2000. In her application for benefits, Montalvo claimed disability due to diabetes, depression, insomnia, a thyroid condition, blood circulation and back problems. She claimed that the medications prescribed for her numerous conditions make her too tired to work, that her back problems caused her to stop work in 1985[2] and that she has not worked since. It is undisputed that Montalvo (age 40 with a GED from Puerto Rico at the time of her application) suffers from numerous physical impairments including diabetes, insomnia, hypothyroidism, back and neck and left elbow pain, varicose veins, and depression. At that time, Montalvo's medications included Paxil, Zoloft, Hydroxyzine, Trazadone, Synthriod, Flonase, low-dosage aspirin and ibuprofen. It is the extent of her depression and mental/emotional impairments that was central to the denial of benefits and subsequent hearing.

Montalvo had been in continuing treatment for mental health issues since 1998 — first with psychiatrist Dr. Cartagena, then with Dr. Hernandez. In addition to and in connection with her disability application, Montalvo was examined by various

---

[2] Montalvo's only work experience outside the home was briefly as a housekeeper, which she ceased doing in 1985 due to her back problems and emotional 'nervousness'.

doctors hired by the Social Security Administration. The Administration's consulting physician diagnosed Montalvo with depression, diabetes, leg pain (probably muscular), hypothyroidism and low back pain (possibly osteoarthritis). His prognosis was "fair", stating that Montalvo could probably work in a non-stressful environment where no heavy lifting was required. The administration's consultive psychologist, however, diagnosed Montalvo with major depression with psychotic features, panic disorder with agoraphobia and obsessive compulsive disorder, stating that "it is unrealistic to expect [Montalvo] to be competitively employed at this point in time *** her psychological impairment is too severe ***". A review psychologist also diagnosed major depression with psychotic features which brought about disturbances of mood accompanied by full or partial manic or depressive syndrome. Anxiety disorders such as panic disorder with agoraphobia and obsessive-compulsive disorder were also confirmed.

The application for benefits was denied in May 1999, but Montalvo applied for reconsideration in July 1999, stating that her condition had worsened since her initial filing. Additional information was gathered and presented at a hearing on May 11, 2000. The ALJ issued his decision denying Montalvo benefits on July 28, 2000. An Appeals Council review was requested and additional evidence and argument submitted relative thereto on February 6, 2002 and April 9, 2002. On July 26, 2002, the review request was denied.

The R&R contains a detailed examination and analysis of the evidence presented to the ALJ and concludes that the ALJ's determination violated the treating physician rule[3] in that the ALJ's reasons for rejecting the opinions rendered by Montalvo's treating physician were not supported by substantial evidence in the record.[4]  The Commissioner objects to this finding and argues that the ALJ's reasons for not accepting the treating physician's opinion were valid.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" and may adopt those parts of the R&R to which no specific objection is raised, so long as such are not clearly erroneous.  28 U.S.C. §636(b)(1)(C); *Black* v. *Walker*, 2000 WL 461106, at *1 (W.D.N.Y. 2000).  With respect to those portions of the R&R to which specific objections have been made, a *de novo* review is required.  28 U.S.C. §636(b)(1)(C); *United States* v. *Raddatz*, 447 U.S. 667, 675-676 (1980); *Sieteski* v. *Kuhlmann*, 2000 WL 744112, at *1 (W.D.N.Y. 2000).  In

---

[3] The opinion of the treating physician is to be given controlling weight if it is supported by medically acceptable techniques and results from frequent examinations, and is supported by the administrative record.  *Schisler* v. *Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. §404.1527(d); 20 C.F.R. §416.927(d).  The treating physician's opinion is given greater weight because of the "continuity of treatment he provides and the doctor/patient relationship he develops place him in a unique position to make a complete and accurate diagnosis of his patient." *Mongeur* v. *Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir.1983).

[4] The Commissioner need not give controlling weight to the treating physician's opinion if the opinion is not supported by substantial evidence in the record. *Diaz* v. *Shalala*, 59 F.3d 307, 313 (2d Cir. 1995).  However, the ALJ cannot arbitrarily substitute his or her own judgment in place of competent and supported medical opinion. Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999).  Further, the regulations require an explanation as to why the treating physician's opinion is not credited.  *Snell* v. *Apfel,* 177 F.3d 126, 134 (2d Cir. 1999).  The failure to provide such explanation is a ground for remand.  *Ibid.*

practice, Rule 72(b) of the Federal Rules of Civil Procedure (F.R.Cv.P.) requires that "specific written objection be made" by the party and a *de novo* determination by the Court as to those portions of the R&R "to which specific written objection has been made in accordance with this rule." Further, Objections to an R&R in this District must comply with the Local Rules of Civil Procedure (L.R.Cv.P.). L.R.Cv.P. 72.3 (a)(3) states in pertinent part that:

> "*** objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

Other than arguing that the ALJ's reasons *were* supported by substantial evidence while the Magistrate Judge found that they *were not*, the objections contain no argument pointing to *specifically why* the R&R was wrong. For example, no error of law is alleged; there are no facts found or relied upon in the R&R which are argued to be improperly found or relied upon; there is no argument that an improper standard of review was applied. A review of the record indicates that the argument in the Commissioner's objections is precisely the same as presented to the Magistrate Judge. This Court has stated on numerous occasions that "a proceeding before the Magistrate Judge is not a meaningless dress rehearsal". *Wooten* v. *Barnhart*, No. 05-CV-0084E(Sc) (08/29/06); *Dennard* v. *Kelly*, 1997 WL 9785 (W.D.N.Y. 1995); *Klawitter* v. *Chater*, 1995 WL 643367 (W.D.N.Y. 1995). The Commissioner's objections are merely an attempt at gaining a 'second bite at the apple' simply because she would like it to be decided a different way, not because there was

something specifically wrong with the way the Magistrate has already decided it. See *Camardo* v. *Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-382 (W.D.N.Y. 1992).  This is not the "specific objection" "supported by legal authority" as contemplated by F.R.Cv.P. 72 or the Local Rules and, as such, the R&R need only be reviewed for clear error.  *See Barratt* v. *Joie*, 2002 WL 335014, at *1 (S.D.N.Y. 2002) (citing, *inter alia, Camardo* in finding that "[w]hen a party *** simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.")

After a review of the record and the R&R, the Court finds no clear error in any of Judge Foschio's findings of fact or conclusions of law.  The evidence considered by Judge Foschio was detailed and thorough and the rationale presented in support of his findings was well-supported and correct.[5]  Viewing the record as a whole, the Court finds that the ALJ's determination that Montalvo was not disabled was supported by only slight, clearly not substantial, evidence.  Further, because the opinion of the treating physician so clearly supports a finding of disability and because remand would require that great weight be given this opinion, any remand herein for further evidentiary findings regarding proof of disability would serve no purpose.  *See Parker* v. *Harris*, 626 F.2d 225, 235 (2d Cir. 1980)(when the record

---

[5] The Court further finds that, notwithstanding the foregoing, the Court has made a *de novo* review of the record and finds that it also supports an adoption of Judge Foschio's R&R.

provides persuasive proof of disability, a remand for further evidentiary proceedings would serve no purpose and an order that benefits be paid is appropriate).

Accordingly, it is hereby **ORDERED** that the Commissioner's objections are overruled, that the R&R is adopted in its entirety.  That the Commissioner's motion for judgment on the pleadings (Dkt. #14) is **DENIED**, Montalvo's motion for judgment on the pleadings (Dkt. #17) is **GRANTED** and this case shall be remanded for calculation and payment of benefits.

DATED:	Buffalo, N.Y.

	October 5, 2006

							*/s/ John T. Elfvin*
							JOHN T. ELFVIN
							S.U.S.D.J.